IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Cortney P., | ) |
|         Plaintiff, | ) ) )   Case No.: 21-cv-50110 |
|     v. | ) )   Magistrate Judge Margaret J. Schneider |
| Martin O'Malley, Commissioner of Social Security, | ) ) ) |
|         Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

    Plaintiff Cortney P. brings this action under 42 U.S.C. § 405(g) seeking a remand of the decision denying her period of disability and disability insurance benefits. The parties have filed cross motions for summary judgment [17], [20]. For the reasons set forth below, the Court affirms the Commissioner's decision.

**BACKGROUND**

    **A. Procedural History**

    On April 7, 2019, Cortney P ("Plaintiff") filed for insurance benefits based on disability allegedly beginning on October 30, 2016. R. 71-72. The Social Security Administration ("Commissioner") denied her application on May 23, 2019, and upon reconsideration on November 27, 2019. R. 95; R. 104. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on December 7, 2019. R. 108. On June 8, 2020, a video hearing was held by ALJ Regina Sobrina where Plaintiff appeared and testified. R. 18. Plaintiff was represented by counsel. *Id.* An impartial vocational expert ("VE"), Heather Benton, also appeared and testified. *Id.*

    At the hearing, the ALJ granted Plaintiff's request to amend her alleged onset date to January 1, 2019. *Id.* On July 1, 2020, the ALJ issued her written opinion denying Plaintiff's claims for a period of disability and disability insurance benefits. R. 18-30. Plaintiff appealed the decision to the Appeals Council, which was denied, making the ALJ's decision final. R. 6-13. Plaintiff now seeks judicial review of the ALJ's decision. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [8]. Now before the Court are Plaintiff's motion for summary judgment [17], the Commissioner's cross-motion for summary judgment and response to Plaintiff's motion for summary judgment [20], and Plaintiff's reply brief [22].

    **B. The ALJ's Decision**

    In her ruling, the ALJ applied the statutorily required five-step analysis to determine whether

1

Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful employment since the amended alleged onset date of January 1, 2019. R. 20. At step two, the ALJ found Plaintiff had the following severe impairments: left ankle fracture status post open reduction internal fixation, osteopenia of the left ankle, and post-traumatic arthritis of the left ankle. *Id.* The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 23.

Before step four, the ALJ found Plaintiff had a residual functional capacity ("RFC") to perform light work with the following limitations: maximum of two hours of standing and/or walking per eight-hour workday; no climbing ladders, ropes, or scaffolds; occasional climbing of stairs and ramps, stooping, balancing, kneeling, crouching, and crawling; no exposure to hazards of unprotected elevations or dangerous moving machinery; no use of left foot or leg controls; and the option to wear an ankle brace. R. 24. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. R. 28. At step five, the ALJ found that, in reliance on the VE's testimony, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. R. 29. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from October 30, 2016, through the date of the decision, July 1, 2020. R. 30.

## STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence, but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted). *See also Warnell*, 97 F.4th at 1054.

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility. . . [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

## DISCUSSION

2

Plaintiff challenges the ALJ's decision on the grounds that the ALJ's step five determination was not supported by substantial evidence and that the ALJ erred in her evaluation of Plaintiff's subjective symptoms. Pl.'s Mot. at 4-5. As detailed below, the Court finds that Plaintiff failed to preserve the step five issue for appeal and that the ALJ's analysis of Plaintiff's subjective symptoms was not patently wrong.

**A. Step Five**

Plaintiff first questions the validity of the ALJ's step five determination, specifically arguing that the ALJ's full reliance on the VE's testimony was improper. Pl.'s Mot. at 4. Plaintiff argues that the substantial evidence standard was not met as the VE was unable to describe or name her method of estimating the number of jobs available to Plaintiff. *Id.*

At the evidentiary hearing before the ALJ, she considered whether Plaintiff could perform jobs available in significant numbers in the national economy with the restrictions found before step 4. To answer this question, the ALJ sought assistance from a VE who testified that someone with Plaintiff's limitations could work three jobs at the sedentary level: an office clerk with 80,000 jobs nationally, an information clerk with 60,000 jobs nationally, and an accounting clerk with 55,000 jobs nationally.[1] R. 65. The VE identified these job titles using the Dictionary of Occupational Titles ("DOT") as well as her own education and experience. R. 66.

On cross examination, Plaintiff's attorney asked the VE how further restrictions would affect these estimates but asked no further questions about the VE's methodology. R. 66-68. He never objected to the VE's methodology, nor did he offer any evidence to suggest that the VE's methodology was unreliable. The ALJ thus relied on the VE's testimony to conclude that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. R. 29.

The Commissioner has the burden at step five to show that work exists in significant numbers in the national economy. 20 C.F.R. § 416.960(c)(2); *see Overman v. Astrue*, 546 F.3d 456, 464 (7th Cir. 2008). The Commissioner argues that Plaintiff failed to preserve this step five issue for appeal because she did not challenge the reliability of the VE's testimony at the hearing. Def.'s Br. at 11. The Seventh Circuit has on numerous occasions reinforced that a claimant who fails to question or raise an objection to the VE's testimony during the hearing forfeits that objection on appeal. *See Leisgang v. Kijakazi*, 72 F.4th 216, 219-20 (7th Cir. 2023) (citing *Fetting v. Kijakazi*, 62 F.4th 332, 337-338 (7th Cir. 2023)) ("a claimant must object to the VE's testimony or otherwise indicate that the testimony is unreliable during the administrative hearing (or after, in a posthearing brief) to preserve his objection"); *Coyier v. Saul*, 860 Fed. App'x 426, 428 (7th Cir. 2021) (unpublished) (citing *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002)) ("Because counsel failed to develop an argument or question the VE any further about his methodology, the ALJ was entitled to rely on the job number estimates."); *Liskowitz v. Astrue*, 559 F.3d 736, 744 (7th Cir. 2009) ("[Plaintiff] forfeited [her challenge of the VE's sources] by failing to object to the VE's testimony during the hearing."); *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002) ("When

---

[1] More jobs were shown at the higher "light" exertional level but even this more restrictive level was shown to have 195,000 jobs nationally which is "significant." *See Weatherbee v. Astrue*, 649 F.3d 565, 572 (7th Cir. 2011) (citing *Liskowitz v. Astrue*, 559 F.3d 736, 743 (7th Cir. 2009)) (finding that even 1,000 jobs constitute a significant number).

no one questions the [VE's] foundation or reasoning, an ALJ is entitled to accept the [VE's] conclusion… Raising a discrepancy only after the hearing… is too late.").

In response to the Commissioner's waiver argument, Plaintiff argues that the step five determination can be challenged for lack of substantial evidence even without an objection at the hearing if the error is obvious. Pl.'s Reply at 1. However, Plaintiff relies on *John C.*, which is readily distinguishable from the present case. *John C. v. Commissioner of Social Security*, 2020 WL 9074887, at *6 (C.D. Ill. 2020). In *John C.*, there was an obvious conflict between the DOT and the VE's testimony as to the RFC and the jobs hypothetical, but Plaintiff points to no such conflict here. Plaintiff then relies on the Seventh Circuit's more recent *Ruenger* decision, claiming that this case creates a requirement that the ALJ "needs to elicit some minimal explanation of the basis behind the [VE's] testimony." Pl.'s Reply at 2 (citing *Ruenger v. Kijakazi*, 23 F.4th 760, 763 (7th Cir. 2022)). Again, *Ruenger* only places this requirement on the ALJ "when a claimant challenges a [VE's] job-number estimates," *Ruenger*, 23 F.4th at 764, which Plaintiff did not do.

Plaintiff further attempts to evade waiver by arguing that the Commissioner's reliance on *Donahue* is improper as, unlike in this case, the VE in *Donahue* gave the ALJ some personal basis by which she formulated her job numbers. Pl.'s Reply at 2. Initially, it should be noted that the Commissioner did not solely rely on *Donahue,* but rather referenced *Coyier* which also supports this contention that a failure to object to the VE's methodology at the hearing constitutes a waiver of that argument. Def's Mot. at 12-13. Additionally, the VE in this case *did* provide some personal basis by which she formulated her job numbers, stating that anything she testified to that was "not addressed by the DOT is based on [her] education and experience." R. 66. Again, the ALJ is entitled to accept the VE's conclusion if no question is raised as to the reasoning or foundation and here, no such questioning was raised. *See Donahue*, 279 F.3d at 446 (When no one questions the vocational expert's foundation or reasoning, an ALJ is entitled to accept the vocational expert's conclusion,").

Plaintiff did not object to the VE's testimony about job numbers at the administrative hearing and, while counsel did cross-examine the VE, none of the questions were related to the job numbers that were provided. As a result, the ALJ was entitled to accept the VE's testimony. *Fetting*, 62 F.4th at 337. Accordingly, the VE's testimony in response to the ALJ's hypotheticals constituted substantial evidence and the ALJ committed no error at step five.

**B. Subjective Symptoms**

Plaintiff also contends that the ALJ did not adequately explain her consideration of Plaintiff's subjective symptoms as required by SSR 16-3p. Pl.'s Mot. at 5. Specifically, Plaintiff alleges that the ALJ did not adequately explain her findings concerning the credibility of Plaintiff's testimony about the intensity, persistence and limiting effects of her symptoms. *Id.* at 6. Additionally, Plaintiff argues that the ALJ failed to sufficiently consider her daily activities, impermissibly relied on the lack of objective medical evidence, and ignored evidence of side effects from her medication. *Id.* at 7-9.

When assessing a claimant's subjective symptom allegations, an ALJ considers several factors, including the objective medical evidence, the claimant's daily activities, her level of pain or symptoms, aggravating factors, medication, course of treatment, and functional limitations. 20

4

C.F.R. § 404.1529(c); SSR 16-3p, 2017 WL 5180304, at *5-8. Because of the unique position the ALJ has to observe the claimant, this Court will normally not disturb such a credibility determination. *Nelson v. Apfel*, 131 F.3d 1228, 1237 (7th Cir. 1997). "As long as an ALJ gives specific reasons supported by the record, [this Court] will not overturn a credibility determination unless it is patently wrong." *Grotts v. Kijakazi*, 27 F.4th 1273, 1279 (7th Cir. 2022). An ALJ's assessment is patently wrong if the decision lacks any explanation or support. *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). Not all the ALJ's reasons must be valid in a subjective symptom analysis "as long as *enough* of them are." *Halsell v. Astrue*, 357 F. App'x 717, 722 (7th Cir. 2009) (unpublished) (emphasis in original). Here, the ALJ's evaluation of Plaintiff's subjective symptoms was adequately supported by evidence and explanation. The ALJ discussed Plaintiff's testimony relating to her pain intensity, treatment course, and daily activities but ultimately found that her symptoms were not as disabling as alleged. R. 24-25.

First, Plaintiff faults the ALJ for making a conclusory statement about her subjective symptoms when the ALJ simply stated Plaintiff's statements were not "entirely consistent" with the record. Pl.'s Mot. at 6. Plaintiff is correct that the ALJ cannot simply dismiss subjective complaints without providing sufficient rationale and simply stating that they are not entirely consistent is not sufficient rationale. *See Mueller v. Astrue*, 493 Fed. App'x 772, 776 (7th Cir. 2012). However, this Court must apply a common-sense reading by looking at "the entirety of the ALJ's decision." *Winsted v. Berryhill*, 923 F.3d 472, 478 (7th Cir. 2019); *see also Lacher v. Saul*, 830 F. App'x 476, 478 (7th Cir. 2020) ("But the phrase 'not entirely credible' (or 'not entirely consistent') is meaningless only when the ALJ gives no legitimate reasons for discrediting the claimant's testimony."). In doing so, it is clear the ALJ did not stop at this conclusory statement but rather explained what pieces of evidence in the record were inconsistent with Plaintiff's statements as required.

Plaintiff further argues that the ALJ failed to properly grapple with Plaintiff's daily activities, arguing that the ALJ "does not discuss [Plaintiff's] daily activities, much less the level at which she performs them." Pl.'s Mot. at 7. Activities of daily living are a necessary and proper factor for the ALJ to consider in a subjective symptom evaluation. 20 C.F.R. § 404.1529(c)(3)(i) (listing daily activities as first relevant factor); *see Grotts*, 27 F.4th at 1279 (noting that activities of daily living are properly considered in subjective symptoms evaluation). Here, the ALJ reasonably concluded that Plaintiff's ability to handle her finances, prepare daily meals, perform household chores, participate in childcare, read, and watch television, even accounting for Plaintiff's reported need for assistance such as needing help with personal care, using a walker, cane, and brace, and needing to stop to rest after walking 50 feet, was inconsistent with Plaintiff's reported intensity of pain, difficulty with concentration, and challenges getting along with others. R. 22, 24-25. Accordingly, the ALJ's analysis of Plaintiff's activities of daily living was not patently wrong.

Plaintiff then argues the ALJ completely relied on the lack of objective medical evidence to discredit her reported pain intensity despite numerous instances of the Seventh Circuit warning against this. Pl.'s Mot. at 8-9; *Hall v. Colvin*, 778 F.3d 688, 691 (7th Cir. 2015) ("[An ALJ] may not deny benefits on the sole ground that there is no diagnostic evidence of pain."); *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) ("[T]he ALJ may not discredit a claimant's testimony about her pain and limitations solely because there is no objective medical evidence supporting it."). Again, this statement of the law is accurate, but this argument is unpersuasive as it is an inaccurate summary of the ALJ's opinion. While the ALJ does state that Plaintiff's allegations

5

"are not fully substantiated by the objective medical evidence," she also explains that other evidence such as "the treatment history, the clinical findings, the diagnostic test results, the claimant's level of activities, and the treating source reports" also conflict with Plaintiff's reported symptoms. R. 27-28. At no point did the ALJ state or imply that the lack of objective medical evidence is the only grounds on which she discredited Plaintiff's complaints. As such, the ALJ's dependence on the lack of objective medical evidence in conjunction with other evidence was not patently wrong.

Finally, Plaintiff faults the ALJ for "never consider[ing] medication side effects or its impact on her ability to work" despite it having an impact on her focus. Pl.'s Mot. at 9. Yet, Plaintiff does not argue that the ALJ ignored an entire line of evidence contrary to her ruling or failed to consider Plaintiff's functional limitations caused by her medication. The only side effect reported to cause functional limitations was that of Plaintiff's inability to focus because of headaches which the ALJ properly made note of during her analysis of Plaintiff's ability to concentrate. R. 22, 50. Moreover, Plaintiff has not shown that she was harmed by any such oversight. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (holding that the harmless error rule requires the party seeking to overturn a ruling "carries the burden of showing that prejudice resulted.").

Again, this Court evaluates an ALJ's opinion using a common-sense approach and, if an ALJ provides sufficient reasons for the ALJ's determination which are not patently wrong, the ALJ's opinion will stand. *Halsell*, 357 F. App'x at 722 (Not all the ALJ's reasons must be valid in a subjective symptom analysis "as long as *enough* of them are.") Here, the ALJ sufficiently evaluated Plaintiff's subjective symptoms and included limitations supported by the record. *See* 20 C.F.R. § 404.1529(c)(4) (stating that the ALJ is empowered to determine whether a claimant's subjective complaints are supported by medical evidence and, if not, the ALJ may discount the claimed degree and severity of the alleged symptoms). According, the ALJ's subjective symptom analysis is not patently wrong, and thus, a remand is not warranted on this basis.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [17] is denied, and the Commissioner's motion for summary judgment [20] is granted. The Commissioner's decision is affirmed. Final judgment will be entered accordingly.

Date: September 30, 2024        Enter: _Margaret J. Schneider_
                                                                 United States Magistrate Judge